18 F.3d 953
 305 U.S.App.D.C. 193
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Donte Michael CRESTWELL, Appellant.
 No. 93-3011.
 United States Court of Appeals, District of Columbia Circuit.
 March 4, 1994.
 
 Appeal from the United States District Court for the District of Columbia, Crim. No. 92-291; Thomas F. Hogan, District Judge.
 D.D.C.
 AFFIRMED.
 Before: WALD, HENDERSON and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. See D.C.Cir.Rule 34(j). The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED that the district court's denial of Crestwell's motion to suppress physical evidence be affirmed. The police officers seized Crestwell for fourth amendment purposes when they told him to get out of the car in which he was sitting. See Florida v. Bostick, 111 S.Ct. 2382, 2389 (1991). This seizure did not violate Crestwell's fourth amendment rights, however, because the officers had reasonable suspicion to believe that he was engaged in criminal activity. See Terry v. Ohio, 392 U.S. 1, 21 (1968). Furthermore, the officers were justified in frisking Crestwell because they reasonably believed that he was armed and dangerous. Id. at 27. After Crestwell got out of the car, he defied the officers' commands to put his hands on the car and instead repeatedly attempted to reach into his pockets. Under these circumstances, the officers' belief that their safety was in danger was warranted. Once the officers properly feared for their safety, their retrieval of the drugs from Crestwell's front pocket was justified by the "plain-touch" doctrine. See Minnesota v. Dickerson, 113 S.Ct. 2130, 2136-38 (1993). Accordingly, the district court correctly denied Crestwell's motion to suppress.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(1).